## SIMEON BATES v. L. N. LYMAN.

1. PETITION IN ERROR, *Filed in Time for Review.* Where a petition in error is filed in the supreme court within one year after the making of an order overruling a motion for a new trial, the proceeding is in time for a review of all the rulings of the court made during the trial, and excepted to at the time, which are referred to in such motion.

2. ———— *Burden of Proof.* The burden of proof lies on the party who asserts the affirmative of the issue or question in dispute.

3. PLEADING; *Burden of Proof on Defendant.* In an action brought to recover damages for breach of a written contract to deliver good merchantable corn, the plaintiff alleged and proved, and the defendant admitted, the payment of the money under the contract, and the non-delivery of the corn; the answer stated a tender of the amount and quality of the corn contracted for, and the plaintiff's refusal to accept it; the reply denied that any corn of the quality contracted for was tendered, and further alleged that the corn tendered by the defendant was light and damaged. *Held,* That the burden was upon the defendant to prove that the corn tendered by him was good merchantable corn, as he asserted the affirmative in his answer, that a tender of such corn had been made.

### *Error from Neosho District Court.*

ACTION brought by *Bates* against *Lyman,* to recover damages for the alleged breach of a certain written contract made between the parties, whereby the defendant agreed to sell and deliver to the plaintiff 500 bushels of good merchantable corn, at 40 cents per bushel, etc. Trial at the April Term, 1884. Upon the verdict and special findings returned by the jury, the court adjudged that the plaintiff recover of the defendant $185, and that the defendant recover of the plaintiff the costs in the action, taxed at $85. The plaintiff filed a motion in arrest of judgment and for a new trial, which motion the court overruled. *Bates* brings the case here. The opinion states the material facts.

*T. J. Hudson,* and *C. S. Reed,* for plaintiff in error.

*Hutchings & Keplinger,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented in the motion made to dismiss the petition in error, upon the ground that it is barred by the statute of limitations. (Laws of 1881, ch. 126, § 2.) The case was tried April 10, 1884, and judgment appears to have been entered upon the same day. A motion in arrest of judgment and for a new trial was filed April 12, 1884, heard April 16, 1884, and upon that day overruled. Among the grounds for a new trial it was alleged in the motion that there were errors of law occurring at the trial, which were excepted to by the plaintiff. Said § 2 provides:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced, unless within one year after the rendition of the judgment, or making of the final order complained of."

The petition in error in this case was filed April 14, 1885, less than a year from the time of the overruling of the motion for a new trial. This court has the authority to reverse, vacate or modify an order that grants or refuses a new trial. (Code, § 542.) Upon the hearing of a motion for a new trial, all of the rulings of the court made during the trial and therein referred to and excepted to at the time they were made, should be again considered by the court. (*Backus v. Clark,* 1 Kas. 303; *DaLee v. Blackburn,* 11 id. 190; *City of Ottawa v. Washabaugh,* 11 id. 124.) As the order complained of is the overruling of the motion for a new trial, and as the petition in error has been filed within one year from the making of the order complained of, the motion to dismiss must be overruled. (28 Kas. 769; 29 id. 476, 481.)

The plaintiff, for his cause of action against the defendant, alleged in his petition that on September 1, 1881, he entered into a contract with the defendant whereby the latter agreed to furnish him five hundred bushels of good merchantable corn, at forty cents per bushel, to delivered at the Douglas farm, west of Thayer, or in the vicinity of Altoona, Kansas,

at the option of the defendant; the corn to be measured at four thousand cubic inches to the bushel, and to be cribbed by December 1, 1881. The petition also alleged that the plaintiff paid the defendant two hundred dollars, as the purchase-price of the corn; that on April 10, 1882, he demanded of the defendant delivery of the corn contracted for; that the defendant refused to comply with his contract and failed to deliver any corn, and at the time of such refusal, good merchantable corn was worth at the place of delivery, eighty-five cents per bushel.

The defendant in his answer stated, among other things:

"That in pursuance of the written contract between himself and plaintiff, he purchased five hundred bushels of good merchantable corn, and caused the same to be cribbed at the place designated in the contract, during the month of November, 1882, and held the same until April 10, 1883; that plaintiff refused to receive the corn, and wholly failed to comply with the conditions of the contract."

To this answer the plaintiff filed a reply, denying generally the allegations contained in the answer, except those specifically admitted. He denied that any corn of the quality contracted for was delivered or tendered to him. He further alleged that the corn tendered or offered to him by the defendant, was light and damaged corn; that subsequently the defendant took the corn and appropriated it to his own use.

The important question upon the trial was, whether the corn tendered by the defendant was good merchantable corn. The plaintiff asked the court to instruct the jury that the burden was upon the defendant to prove that the corn tendered was good merchantable corn. The court refused this instruction, and charged the jury that "the burden of proof was upon the plaintiff to satisfy them by a preponderance of the evidence that the corn tendered was not good merchantable corn." It appears from the evidence that there was great conflict in the testimony, as to the quality of the corn cribbed and tendered, and this was the substantial issue in the case.

We think the trial court mistook the scope of the allega-

tions contained in the reply of the plaintiff. There is no admission therein that the defendant cribbed or tendered any corn of the quality described in the written contract. The reply stated that "the corn tendered or offered to plaintiff by the defendant was light and damaged." If the plaintiff had filed a reply containing a general denial only, we suppose it would be conceded that the burden of proving a tender of good merchantable corn would have rested upon the defendant, as he asserted affirmatively that a tender of such corn had been made by him. We do not think the allegations in the reply change this burden in any respect. The plaintiff alleged and proved, and the defendant admitted, the payment of the money under the contract, and the non-delivery of the corn. As a compliance with the contract, the defendant alleged a tender of the amount and quality of the corn, and the plaintiff's refusal to accept it. In order to establish a tender of the corn, it was necessary for the defendant to show that a tender of good merchantable corn was made. The rule is, that where a party pleads a tender or payment, the burden is upon him to prove it. (1 Best on Ev., §§ 268, 269, 270; *Burton v. Boyd*, 7 Kas. 32; *Lathrop v. Davenport*, 20 id. 285.) In this case, under the pleadings, the burden was upon the defendant to prove that he made a tender of good merchantable corn. There is no admission in the reply of the plaintiff of a tender of good merchantable corn, and the trial court committed material error in throwing upon the plaintiff the burden of proving that the corn tendered was not good and merchantable.

The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.