C. M. BEACHY, as *Assignee of C. A. Malm*, v. JAMES RYAN *et al.*

No. 108.

1. PETITION IN ERROR—*Time for Filing.* Where a petition in error is filed in the courts of appeals within one year after the making of an order overruling a motion for a new trial, the proceeding is in time for a review of all rulings of the court made during the time, and excepted to at the time, which are referred to in such motion.

2. COURTS OF APPEALS—*Jurisdiction.* The jurisdiction of the courts of appeals is limited to all civil cases where the amount or value in controversy, exclusive of interest and costs, exceeds $100 and does not exceed $2,000, except in cases involving the tax or revenue laws, etc., and before the court can entertain a case for review the record must show that the amount or value in controversy is within the jurisdiction of the court.

MEMORANDUM.—Error from Harvey district court; F. L. MARTIN, judge. Action in replevin by T. C. Brewer, as assignee, against James Ryan and others. Judgment for plaintiff. From an order refusing to substitute E. L. Parris as plaintiff, Parris brought the case to this court. Parris having died, C. M. Beachy was substituted as plaintiff in error. Dismissed. The opinion herein, filed July 15, 1896, states the material facts.

*A. L. Greene,* for plaintiff in error.

*W. E. Brown,* for defendants in error.

The opinion of the court was delivered by

JOHNSON, P. J.: In 1889 Charles A. Malm was engaged in business as a druggist in the city of Newton, Harvey county, Kansas, and, being embarrassed financially and unable to pay his creditors when their bills became due, on the 17th day of June, 1889, he made a general assignment of his property to one T. C. Brewer, for the benefit of his creditors. Brewer took possession of the assigned property under the deed of assignment, and thereafter James Ryan and Meyer Bros. commenced suits against Malm in the district court of Harvey county, and obtained writs of attachment against the property of Malm, and the sheriff of said county seized the assigned property under the attachments, and thereupon Brewer commenced suit in replevin and the goods were taken under the order of replevin, and Meyer Bros. and Ryan gave a redelivery bond therefor. Afterward Brewer resigned as assignee and one C. R. McLain was by the court appointed assignee. The replevin case was tried in the court, and McLain recovered judgment as such assignee

against James Ryan for the return of certain property or its value.   Afterward, on the 31st day of October, 1891, McLain resigned as assignee, and E. L. Parris was by the court appointed assignee, and qualified as required by law, and on the 28th of June, 1893, moved the court, as such assignee, to be substituted as plaintiff in the replevin judgment.   The court overruled the motion, on the ground and for the reason that more than one year had elapsed since the resignation of McLain and the appointment of Parris, and no revivor having been made within one year, the judgment had abated.

Parris excepted to the order and judgment of the court in overruling and denying his motion, and made and filed a case in this court.   On the 7th day of June, 1895, after filing the case in this court, Parris died, and C. M. Beachy was appointed assignee in his place, by the district court of Harvey county   C M. Beachy has been substituted in this court for Parris, as plaintiff in error

The defendant in error now moves the court to dismiss the petition in error for the reason that the proceedings in error were not commenced in this court within one year after the final judgment.   In December, 1890, judgment was rendered in favor of. Charles R. McLain, assignee, who was plaintiff at that time, against the defendants in error ; in December, 1891, McLain resigned as assignee ; Parris was appointed and qualified as his successor in December, 1891 ; in June, 1893, Parris moved to be substituted as plaintiff in the judgment in the replevin suit, and an order denying the motion to substitute was made December, 13, 1893   On December 21, 1893, Parris filed a motion for new trial of his application to be substituted ; on April 7, 1894, the motion of Parris for a new trial

was overruled and 60 days were given to make and serve a case for the supreme court; a case made was served June 4, 1894; a petition in error was filed in the court of appeals April 6, 1895.

Section 556 of the code of civil procedure reads:

"No proceeding for reversing, vacating or modifying judgments or final orders shall be commenced unless within one year after the rendition of the judgment or making of the final order complained of."

The final order complained of was not made until the 7th day of April, 1894. The motion for a new trial on the application for substitution was overruled, and the petition, being filed April 6, 1894, is within one year after the making of the final order complained of. There is no complaint of the judgment in the replevin suit. The error complained of is in the overruling of the application to be substituted as plaintiff in the judgment as successor to the former assignee, and the order was not final until the motion for a new trial was overruled. The overruling of the motion for new trial was the final order in that case in the district court, and the case was made, settled and signed within the time allowed by the court, and the case made, with the petition in error attached, was filed in this court within one year after overruling the motion. In the case of *Bates v. Lyman*, 35 Kan. 634, it was held that

"where a petition in error is filed in the supreme court within one year after the making an order overruling a motion for a new trial, the proceeding is within time for a review of all the rulings of the court made during the trial, and excepted to at the time, which are referred to in such motion."

The motion to dismiss the petition in error for this reason must be overruled.

This brings us to the consideration of the more important question raised by the motion to dismiss the petition in error for the want of jurisdiction in this court to review the order and judgment of the district court. While the application to be substituted as plaintiff in the judgment of the replevin suit does not involve any particular amount or sum of money, yet the judgment to which the plaintiff in error applied to be made a party does involve an amount and value of property. The sum in controversy is the amount of the judgment in the replevin suit in which plaintiff asks to be substituted. But there is nothing in the record before this court by which we can determine the amount of the judgment. The only reference to the amount is as follows :

"Thereupon judgment was rendered upon such verdict and special findings in favor of the said Charles R. McLain, as assignee of said Charles A. Malm, against the defendant James Ryan, for the return of certain property, and, in case a return could not be had, for the value thereof."

There is nothing in the record to show what the property was or its value—nothing by which this court can determine either the property or its value.

Chapter 96, page 151, Laws of 1895, creating the courts of appeals of this state and defining their jurisdiction, limits the jurisdiction in civil actions to cases where the amount or value in controversy does not exceed $2,000, exclusive of interest and costs.

Section 542a of the code of civil procedure provides :

"No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed $100, except in cases involving the tax or revenue laws," etc.

By these provisions the jurisdiction of the courts of appeals is limited to all civil cases where the amount or value in controversy exceeds $100 and does not exceed $2,000. Before this court can entertain a case for review the record must show that the amount or value of the matter in controversy is within the jurisdiction of the court.

The record in this case not showing that the case comes within the jurisdiction of the court, the petition in error must be dismissed.

All the Judges concurring.