No. 18,949.

ROY RANK, a Minor, etc., *Appellee,* v. THE KANSAS CITY PACKING BOX COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. FACTORY ACT — *Safeguarding Machinery — Belt-shifters — Loose Pulleys.* The provision of the factory act that belt-shifters shall be furnished in manufacturing establishments in which machinery is used, and that machines shall be operated with loose pulleys when practicable (Gen. Stat. 1909, § 4679), is not restricted in its application to safeguarding workmen only when in the act of throwing belts off or on, but was intended to protect operators of machines in the conduct of their work as well.

2. SAME—*Safety Appliances—Required by Act—Substitutes Not Accepted.* Where a particular safety appliance required by the factory act has not been provided, substitutes are not to be accepted, and it is immaterial that a safe and convenient method of operating the machine without the appliance was available.

3. PLEADING—*Interpretation of Petition Charging Failure to Instruct or Warn.* Under allegations of a petition charging negligence in failing to instruct or warn the operator of a ripsaw as to the danger in removing slivers when the saw was in motion, and in failing to warn or instruct the operator how the saw could be stopped when obstructed by a sliver, both parties produced evidence as if the petition presented the broad subject of instruction and warning concerning the operation of the saw, including the removal of slivers. *Held,* the court was authorized to instruct the jury on that theory; and *held* further, the petition was correctly interpreted.

4. MASTER AND SERVANT—*Servant Not Chargeable with Assumption of Risk.* Where the operator of a saw did not appreciate the risk involved in dealing with a matter incident to its operation, his nonappreciation was excusable, and the duty of his employer to instruct and warn him had not been performed, he did not assume the risk involved in operating the saw.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 7, 1914. Affirmed.

*T. F. Railsback,* of Kansas City, *William S. Hogsett,* and *Murat Boyle,* both of Kansas City, Mo., for the appellant.

*F. L. Martin, Van M. Martin,* both of Hutchinson, and *Samuel Maher,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff recovered damages for personal injuries received while operating a circular ripsaw for the defendant in its manufacturing establishment. The defendant appeals.

The petition contained two causes of action, one based on disregard of the factory act in failing to provide the machinery with a loose pulley and belt-shifter, and another charging common-law negligence in failing to instruct the plaintiff with reference to safe methods of operating the saw.

The evidence was that the saw protruded through a slot in a table with hinges at the back, in front of which the operator worked. In using the saw wedge-shaped slivers are produced, the small ends of which drop into the slot and prevent the operation of the saw until removed. Ordinarily such slivers may be cut out with the saw itself by raising the front of the table and then lowering it slowly. The saw was one of a series of twelve crosscut saws and twelve ripsaws arranged in a line, first a crosscut saw and then a ripsaw, with a

board between, which could be removed. After passing the crosscut saw, material is pushed over to the ripsaw. It was suggested that when a sliver obstructed the work the operator could prop up his table, leave his place at the saw, lift the board between the tables, walk around to the back of his saw, remove the sliver from the top of the table, return to his place and resume his work. One operator said he did this and another operator said he had done so at times. The plaintiff's work was with a crosscut saw, but he was in the habit of using the ripsaw for brief intervals under circumstances bringing such conduct within the scope of his employment. While the plaintiff was using the ripsaw during the absence of the regular operator a sliver caught in the slot. He had never been instructed on the subject of removing slivers and had never seen one removed except by sawing it out. He tried to saw out the one impeding his work, but could not do so. He raised the table and propped it. No means for stopping the saw was provided. It looked easy to reach in and jerk the sliver from the slot. He tried to do so, the resistance was less than he anticipated, and his hand fell on the revolving saw. The saw was not provided with a loose pulley and belt-shifter for stopping and starting it. Like all the others, it was operated by a belt extending from a line shaft in the basement of the building. An oiler and belt man in the basement removed belts from pulleys on the line shaft when necessary to disconnect individual saws.

It is argued that the foregoing facts do not disclose a breach of the statute, which reads as follows:

"Every person owning or operating any manufacturing establishment in which machinery is used shall furnish and supply for use therein belt-shifters, or other safe mechanical contrivance, for the purpose of throwing on or off belts or pulleys; and wherever it is practicable machinery shall be operated with loose pulleys." (Gen. Stat. 1909, § 4679.)

It is said that the statute is intended for the protection of no one except a workman engaged in shifting a belt; that the statute does not require a belt-shifter at the machine; that the defendant could have complied with the statute by installing a loose pulley and belt-shifter on the line shaft in the basement—a matter of no concern to the plaintiff; that a belt-shifter to put a belt on a moving pulley can be used only when a loose pulley is provided, and consequently the statutory provision for loose pulleys where practicable amounts to nothing.

The court does not agree with this interpretation of the statute. The purpose of the statute was to safeguard the use of machinery in manufacturing establishments, and the operators of machines are among those who are entitled to protection. Instead of being superfluous, the requirement that machinery shall be operated with loose pulleys when practicable has especial significance. The removal of slivers constituted a part of the operation of the saw, and whether specifically in the mind of the legislature or not, falls within a class of necessary acts which could be performed without danger by stopping the saw. The sauntering operator might like to take a trip to the back of the saw, but the diligent and efficient workman might want to get the sliver out of the way of his work. The safe way to meet such situations was to throw the belt on a loose pulley attached to the machine, take out the sliver, or do whatever was required, throw the belt on the fixed pulley, and proceed with the ripping of lumber. Therefore, the legislature said, in effect, that whenever practicable loose pulleys (with attending belt-shifters) shall be provided for the operation of machines.

If it be practicable to equip machinery for operation in the manner described, a man in the basement, or loose pulleys with belt-shifters on the line shafts located where they are inaccessible except to some one who on occasions shifts belts, can not be substituted. Of course, where machinery is operated in such a way as to dispense with the necessity for loose pulleys and

belt-shifters, as by individual electric motors, the statute does not apply. The defendant's establishment is now equipped in that way, and there was evidence that the saw is stopped when a sliver is to be removed.

The evidence recited was sufficient to authorize the jury to find that the absence of a loose pulley and belt-shifter contributed to the plaintiff's injury, and the statute having been violated it is not material that a safe and convenient method of extricating slivers, like going behind the saw, was available. Contributory negligence is not a defense in such cases.

The petition contains the following charge of common-law negligence:

"That said defendant wholly neglected to warn or instruct the plaintiff as to the danger of attempting to remove a sliver or piece of board from said saw when it was in motion, and neglected to warn or instruct the plaintiff how said saw could be stopped in case of a sliver or piece of board becoming fast in the manner aforesaid, and there was no way to plaintiff's knowledge to stop said saw to remove said sliver or piece of board."

The defendant interprets these allegations strictly, and as descriptive of two separate and independent faults, and having done this, deduces several legal consequences. The trial court regarded the petition as fairly presenting the broad subject of instruction and warning concerning the operation of the saw, including the removal of slivers, and the case appears to have been tried by both sides on that theory. The plaintiff testified that the foreman of the establishment had never given him any instruction about how to operate the ripsaw or warned him about the dangers of operating it. The foreman testified for the defendant that he had never instructed the plaintiff not to pull slivers out from the bottom of the table, and had never had occasion to issue orders on the subject one way or another. Both parties having thus indicated that they interpreted the petition liberally, it was proper for the court to instruct the jury accordingly. Besides this, this

court is of the opinion that the broader estimate of the petition was correct, and it is not necessary to consider arguments of the defendant proceeding from a contrary view.

There was sufficient evidence, which need not be outlined, to go to the jury that the plaintiff did not appreciate the risk involved in operating the saw, and that his nonappreciation was excusable, and the jury were given an appropriate instruction on the subject. The same instruction sufficiently covered the only ground of contributory negligence which can be relied on to defeat the common-law cause of action. If the jury based its verdict on the common-law clause of action it did so because the plaintiff was entitled to proper instruction and warning, and without these he did not assume the risk.

Other criticisms of the proceedings are not regarded as well taken, and the jury having been adequately instructed, it is not necessary to discuss separately the instructions which the defendant asked and which were refused.

The judgment of the district court is affirmed.