No. 11,240.

INDUSTRIAL COMMISSION, ET AL. *v.* CONTINENTAL
INVESTMENT CO.

Decided October 5, 1925.   Opinion adhered to December 21, 1925.

Proceedings under the workmen's compensation act. Judgment for employer.

*Reversed.*

1.   WORKMEN'S   COMPENSATION—*Employe—Independent   Contractor.*
A person engaged in selling coal for a company and delivering it at a fixed price per ton, using his own truck, hiring men and paying them, and not being controlled by the com-

pany as to hours or manner of work, held to be an independent contractor.

2.    *Independent Contractor—Employe.*  A person employed by an independent contractor to drive a truck in delivering coal, held, under the provisions of section 4423, C. L. '21, to be an employe of the company under which the contractor was doing business.

3.    STATUTES—*Constitutional Law—Workmen's Compensation.*  Section 4423, C. L. '21 concerning employers, held not to be unconstitutional as dealing with a subject not embraced in the title of the act.

4.    WORDS AND PHRASES—*Contractor—Employe—Workmen's Compensation.*  "Contractor" is not necessarily outside of the catagory of "employe." The term "employe" has both a narrow, specific, and a wider generic meaning.

5.    STATUTES—*Title—Constitutional Law.*  Whatever is germane to the subject of an act as expressed in its title, is within its scope, and the legislature has power to declare the sense in which words are used both in the title and in the body of a statute.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JOHN F. REYNES, Assistant, Mr. OTTO FRIEDRICHS, Assistant, Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for plaintiffs in error.

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE industrial commission awarded compensation to Garcher against the Continental Investment Company, the district court set aside the award and directed an award in favor of the company and the case is brought here for review.

The facts are that the Continental Investment Company, under the name of the Post Coal and Iron Company, operated a coal yard which was managed by one Garberson who was paid eighty cents a ton for the transportation and delivery of the coal to the customers. Garberson's wife owned a truck which was used for the delivery of coal and the driver was paid by Garberson's checks one-half of the said eighty cents per ton. On the day of the accident Garcher took the place of the driver and was injured during the course of his work. The only question is whether he was an employee of the Continental Investment Company. We think he was.

Section 49 (§ 4423, C. L. '21) of the Workmen's Compensation Act reads as follows: "Any person, company or corporation operating or engaged in or conducting any business by leasing, or contracting out any part or all of the work thereof to any lessee, sub-lessee, contractor or sub-contractor, shall irrespective of the number of employees engaged in such work, be construed to be and be an employer as defined in this act, and shall be liable as provided in this act to pay compensation for injury or death resulting therefrom to said lessees, sub-lessees, contractors and sub-contractors and their employees."

Without this section we do not think Garcher could be said to be the company's employee. Garberson was selling coal for the company and delivering it at a fixed price per ton, was using his own truck (borrowing or hiring it from his wife is immaterial), was hiring his own men to transport the coal, was paying them himself out of his compensation received for such carriage, was not controlled by the company as to hours or manner of work. All that was required of him was the result, that is, delivery to the customers. He may therefore be said to be an independent contractor (*Flickenger v. Ind. Acc. Com.*, 181 Cal. 425, 184 Pac. 851, 19 A. L. R. 1150; *Standard Oil Co. v. Anderson*, 212 U. S. 215, 221, et seq., 29 Sup. Ct. 252, 53 L. Ed. 480), and, if so, Garcher was his employee and not the company's.

But Garcher, under section 49, may be said to be the

company's employee. The court below, however, thought that section unconstitutional because not properly within the terms of the title of the act. Section 21 of article V of the Constitution reads: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

The title of the act is as follows: "An Act to determine, define and prescribe the relations between employer and employee and providing for compensation and benefits to employees and their dependents for accidental injury to or death of employees for insurance of such compensation and benefits; creating a state compensation insurance fund," etc.

We think the court was wrong. The argument for the company is that the Constitution permits the enactment of nothing which is not within the terms of the title, that the title of the act refers only to the relations of employers and employees; that the section in question relates to and concerns the relations of principals to the employees of their independent contractors; that this is not the relation of employer to employee, and therefore not within the scope of the title of the section, and so the section is to that extent void. The reasoning is forcible, but "contractor" is not necessarily outside the category "employee." *Smith v. Bowersock*, 95 Kan. 96, 104, 147 Pac. 1118. *Moore v. Heaney*, 14 Md. 558, 562. In other words, the term "employee" has both a narrow, specific, and a wider, generic, meaning. That the legislature used it in the latter sense is shown by section 49, but the district court has restricted it to the former, and, if the words employer and employee are used in the sense we have above suggested, the reasoning falls to the ground, because then the contractor is the principal's employee and the workman is his and an act determining the relations between them determines the relation of employer and employee and so is within the

scope of the title.   The wider, generic meaning should be given because we ought to uphold the act if we reasonably can.

To go a little further, the rule is that what is germane to the subject as expressed in the title is within its scope. It is germane to the title of the act to define the terms as used in the act.   That is what section 49 does, extending the definition beyond the scope of that of the dictionary, perhaps, but, nevertheless, defining it.   If it has misdefined one of those words according to the dictionary, would the act to that extent be unconstitutional?   If so, every act that defines a word must stay strictly with the dictionary or define that word also in the title, which has never been done so far as we are aware.   For example, in the very act in question, C. L. sections 4377-4383 define various words, including employer and employee.   The legislature has a right to do this, and thereby declare the sense in which the words are used both in the title and in the rest of the act.   If it be claimed that this will permit the legislature to avoid the beneficence of this section of the Constitution by adopting absurd and unreasonable definitions, the answers are two:   First, we have no right to assume that the legislature will be unreasonable; and, second, the question is not before us because the present definition is reasonable.

The California cases of *Flickenger v. Ind. Acc. Com.,* *supra,* and *Perry v. Ind. Acc. Com.,* 180 Cal. 497, 181 Pac. 788, do not support the company's position.   In that state it was thought necessary expressly in the Constitution to give power to the legislature to make employers liable without negligence for accidents to employees and the Constitution was amended to permit it.   It was then held that such liability could not be extended by the legislature to other than employees and that an independent truck driver occasionally hired was an independent contractor, and not an employee within the meaning of the Constitution.   To extend the ordinary definition of the word employer there, would extend the meaning of the Constitution itself and

thereby the jurisdiction of the commission, but here it merely declares the meaning of the word as used in the title.

The judgment of the district court is reversed with directions to affirm the award of the commission.

MR. JUSTICE CAMPBELL specially concurring.

I think that portion of said section 49 of the act which so defines "employee" as to include an independent contractor is not germane to the title, but concede there is a reasonable doubt thereof; hence, under the rule that no statute can be held unconstitutional unless it be so found beyond a reasonable doubt, I concur.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE BURKE dissent.