No. 12,333.

MARYLAND CASUALTY CO. ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

Decided December 23, 1929.

Messrs. CRUMP & RILEY, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for defendants in error.

*En Banc:*

Mr. Justice Burke delivered the opinion of the court.

For convenience we hereinafter refer to the parties as the casualty company, the refining company, the commission, Mrs. Hill, Mr. Hill, Helen and Junior, respectively; and to George B. Levis as Levis, and his deceased employe, Fred Lee Hill, as Fred.

This case arose under our Workmen's Compensation Act. The casualty company carried the industrial insurance of the refining company. The latter had a written contract with Levis concerning the sale of its products, gasoline, oil, etc. In conducting that business Levis employed Fred, the son of Mr. and Mrs. Hill, to operate a truck. While so employed he was killed in a railway crossing collision. His father and mother, as dependents, filed claims for themselves and for Helen and Junior, with the commission and had an award in their favor. Plaintiffs in error carried the matter to the district court and from its judgment sustaining the commission come here on error.

Under the terms of said written contract between the refining company and Levis, the latter was an independent contractor, and under the undisputed evidence Fred was his employe, and by the literal terms of section 49 of our Workmen's Compensation Act (§4423, C. L. 1921), both were employes of the refining company. The constitutionality of that section is now attacked on the grounds of a defective title to the legislative act, the contention being that section 21, article V, of our Constitution has been violated in that respect. It is admitted that we have heretofore decided the identical question to the contrary. *Industrial Commission v. Continental Investment Co.*, 78 Colo. 399, 242 Pac. 49. We are, however, now urged to re-examine and overrule that authority. A reason against such action, so potent as to be controlling, forbids. Our former opinion was so carefully considered as to produce one special concurrence and two dissents. However, since it was handed down (October, 1925) two

regular sessions of our General Assembly have been held, with no further legislation on the subject. Independent contractors and their employes have meanwhile rested secure in the rights thus conferred upon them by the legislative department of the state and confirmed by the judicial. If they are now to be stripped of these rights because we have changed our minds, the protecting arm of the rule of stare decisis is paralyzed.

There is ample evidence to support the award on every question of fact. The judgment is accordingly affirmed.

Mr. Justice Campbell not participating.