No. 13,521.

LONDON GUARANTEE AND ACCIDENT COMPANY ET AL. *v.*
INDUSTRIAL COMMISSION ET AL.

(35 P. [2d] 1010)

Decided July 16, 1934.

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Messrs. SMITH, BROCK, AKOLT & CAMPBELL, Mr. J. H. SHEPHERD, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS case involves a claim asserted under the Workmen's Compensation Act. The claimant is the widow of one Rowland, who lost his life in an accident on the

premises of the McPhee and McGinnity Company. The Industrial Commission awarded compensation. The case was duly litigated in the district court, where the commission's award was affirmed. Contending that the uncontradicted evidence shows Rowland not to have been an employee within the meaning of the act, the company and its insurance carrier ask us to reverse the lower court and the commission.

The following document, signed by Rowland and an associate named Boyd, is in evidence:

"Whereas, McPhee and McGinnity Company, a corporation, has sold, and D. C. Boyd and D. E. Rowland have purchased from said company a certain wooden tank located on a platform at the top of a certain steel tower situated in the Sayre-Newton yard of said company in rear of their planing mill building between 22nd and 23rd Streets and west of Blake Street in the City and County of Denver, Colorado, and one of the considerations of the said sale is that D. C. Boyd and D. E. Rowland are to remove the said tank from the premises belonging to said McPhee and McGinnity Company, at their own expense and risk, and in consideration of the sum of Fifty Dollars, lawful money of the United States of America to them in hand paid by said McPhee and McGinnity Company, receipt whereof is hereby acknowledged:

"Now, therefore, these presents witnesseth: That the said D. C. Boyd and D. E. Rowland hereby remise, release and forever discharge, and by these presents do, for themselves, and each of them, their heirs, executors and administrators remise, release and forever discharge the said McPhee and McGinnity Company, its successors and assigns of and from any and all damages which they, or either of them, may suffer while on the said premises of McPhee and McGinnity Company while removing the said tank and the said D. C. Boyd and D. E. Rowland further agree to indemnify and save harmless said McPhee and McGinnity Company, for and on account of

any damages, judgments, claims and demands made against it by any third party whatsoever on account of damages or injuries received by any third party as a result of the removal of the said tank.

"Executed at Denver, Colorado, October 17, 1931.

"[Sgd]  D. C. Boyd,
"[Sgd]  D. E. Rowland."

Death came to Rowland while he was engaged in removing the tank in question.

The above instrument plainly speaks in terms of the independent contractor and not those of the employee. It has as little to do with the operation of the company's business as it would if the company were not engaged in business at all. The removal of the tank is the one thing sought to be accomplished, a single definite result as such. This was contracted for without the company's having the slightest control as to the method or time of work or as to the personnel of the workers. There is no semblance of wages in the usual or accepted sense. The right to discharge and the right to quit are both absent. If there ever can be a contract independent of an employer's work, so as to exclude the workmen's compensation status of employee, this is one.

We are not left without assistance in testing the validity of the views we have expressed on the meaning of the contract. The only evidence introduced in addition to the quoted document was the testimony elicited by claimant's counsel from an officer of the company. This not only verifies our interpretation of the document, but amplifies and clarifies the latter.

Neither under section 9 of the act (C. L. 1921, §4383, as amended by chapter 175 of S. L. 1931), nor under sections 49 and 50 thereof (C. L. 1921, §§4423, 4424) can Rowland be brought within the definition of employee.

■ Claimant's counsel earnestly insist that the question whether or not Rowland was an employee of the company is one of fact, and that the commission's determination is final. Such a determination, to be final, must

be substantially supported by evidence. Here there is a total lack of any and all evidence which could justify a finding that Rowland was the company's employee.

The case of *Industrial Commission v. Hammond*, 77 Colo. 414, 236 Pac. 1006, cited by claimant, is not authority to the contrary. The facts there and here are entirely dissimilar. In fact, the opinion in that case presents (at pages 419 and 1008, respectively) a discussion which well expresses some of the distinguishing differences between the two types of cases.

The judgment of the district court affirming the commission's award must be reversed. The record of the commission will be returned in due course to that body, which will thereupon enter an order denying compensation and dismissing the case.

Judgment reversed with directions.

MR. JUSTICE BUTLER, sitting for MR. CHIEF JUSTICE ADAMS, and MR. JUSTICE HILLIARD concur.