No. 14,501.

INDUSTRIAL COMMISSION ET AL. *v.* DINARDI ET AL.
(87 P. [2d] 494)

Decided February 14, 1939.

Mr. Byron G. Rogers, Attorney General, Mr: Frank A. Bruno, Assistant, Mr. Kenaz Huffman, Mr. Sherman A. Sutliff, for plaintiffs in error.

Mr. Edwin H. Stinemeyer, Mr. Frank G. Stinemeyer, for defendants in error.

*In Department.*

Mr. Justice Knous delivered the opinion of the court.

This is a workmen's compensation case. So far as pertinent, the findings and award of the Industrial Commission upon which the controversy arises, are as follows:

"That Tony DiNardi, a boy nineteen years of age, was employed by the above named respondent employer (Victor-American Fuel Company) as a miner working underground. He sustained a fractured skull in an accident arising out of and within the course of his employment on January 18, 1938. He died as a result of his injury on January 20, 1938. He is survived by his father and mother and twin brothers born May 9, 1929. Claim was filed by the parents on behalf of themselves and minor sons. Decedent's average weekly wages were maximum.

"The testimony stated that Tony had been employed for approximately two years. That he was taken out of school by his parents and put to work because of previ-

ously contracted debts, and the family intended that he should return to school as soon as the family's financial circumstances were improved. The testimony also shows that decedent's father is an able-bodied man and earned as much within the year prior to this fatal accident as the decedent did.

"The Commission finds that the facts and circumstances as above set forth do not constitute dependency that while decedent was killed in an accident arising out of and in the course of his employment, he left no one dependent upon him for support within the meaning of the Workmen's Compensation Act.

"It is, therefore, ordered: That claimants' claim for compensation be and the same hereby is denied."

On petition for review the commission approved and affirmed its award, whereupon claimants instituted this action in the district court asking to have the findings and award annulled and for judgment in their favor.

The court found that the above recited fact findings of the commission did not support its order or award, and determined that the mother, Mary DiNardi, and the minor twin brothers, Mario and Albert DiNardi, defendants in error here, were partially dependent upon decedent; that as such they were entitled to recover jointly the sum of $5.40 per week for six years as compensation or death benefits, and ordered the Industrial Commission to enter an award upon this basis. Among others, the court made the following additional findings: "And the Court finds that it is conceded that during the year 1937, the decedent earned, and was paid by the employer, the sum of $1,144.00, and that during the same period the father of the decedent earned and received from the same employer the sum of $1,182.23. And the Court finds, from the undisputed testimony, that the decedent turned over all of its [his] said earnings—$1,144.00— to his mother for the use of the family, the family consisting of Baldy DiNardi, the father, Mary DiNardi, the mother, and Albert and Mario DiNardi, twin minor

brothers.'' The employer and the Industrial Commission bring the judgment here for review.

The controlling question for determination is whether there was substantial evidence to support the findings of the commission determining that no dependency existed, and the award based thereon. Incidentally for consideration, is the further question as to whether such findings and award were binding upon the district court, where undisputed evidence appearing in the record of the hearing before the referee, but unmentioned in the formal findings, would necessitate a different disposition.

Section 332, chapter 97, '35 C. S. A. provides, inter alia: ''* * * mother, * * * brother * * *, who were wholly or partially supported by the deceased employee at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents. If such dependents be * * * a * * * brother eighteen years of age or over * * * to be entitled to compensation, they must prove that they were incapable of or actually disabled from earning their own living during the said time; * * *.''

Section 336, chapter 97, '35 C. S. A. in part provides: ''The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employee and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions * * *.''

 Upon the face of the findings of the commission the award determining that the deceased had no dependents, apparently was based, first, upon the circumstance that some two years previous to being killed the boy had been taken out of school by his parents and put to work ''because of previously contracted debts'' with the intention that he should return to school as soon as the financial circumstances of the family were improved; and, secondly, upon the recital that his father was an able-bodied man and earned as much within the year

prior to the fatal accident as did the decedent. Since section 336, supra, expressly provides that questions of dependency shall be determined as of the date of the accident, we are unable to perceive how, if pertinent under any circumstances, the impelling motives of the parents for taking the youth out of school some two years previous to the accident and the fact that he had not returned to his scholastic pursuits, have any bearing upon the question of the dependency of his mother and infant brothers at the time of the fatal accident. The resolution of the question must turn, not upon why he happened to be industrially employed, but upon the controlling factor of whether the alleged dependents were wholly or partially supported by the deceased employee at the time of his death and for a reasonable period immediately prior thereto. No mention of this vital question is made in the findings.

 Nor is the second consideration for the award recited in the findings more tenable than the first. The fact that a mother, at the time of the death of her employee son, was living with her husband who was able and bound to support her, does not preclude an award to her as a partial dependent of the deceased son. *Employers' Mutual Ins. Co. v. Industrial Commission,* 82 Colo. 281, 260 Pac. 106. The same rule applies to brothers under eighteen years of age and who claim compensation for the death of their brother. *Central Corporation v. Industrial Commission,* 94 Colo. 341, 30 P. (2d) 253. In other jurisdictions having statutes generally similar to ours the same rule has been followed. *Paul v. Industrial Com.,* 127 Ore. 599, 272 Pac. 267; *Connors v. Public Service Elec. Co.,* 89 N. J. L. 99, 97 Atl. 792; *Ogden City v. Industrial Com.,* 57 Utah 221, 193 Pac. 857; *In re Stewart,* 72 Ind. App. 463, 126 N. E. 42.

 Under section 332, supra, neither of the twin brothers, who are under eighteen years of age, was required to establish that he was incapable of earning his own living during the period here involved. Obviously,

therefore, the findings of fact by the commission do not support its order or award. While courts are without authority, in proceedings of this character, to substitute their conclusions, upon the evidence adduced, for those of the commission, nevertheless, as was announced in *Prouse v. Industrial Commission,* 69 Colo. 382, 194 Pac. 625, where the findings of fact of the commission are insufficient, the evidence given before the referee may be by the court treated as findings of fact and considered accordingly. Upon this basis we believe the district court was justified in ordering the commission to enter the final award directed without remanding the cause for more detailed findings. Supporting this procedure are the cases of *Winteroth v. Industrial Commission,* 93 Colo. 38, 22 P. (2d) 865, and *Industrial Commission v. Big Six Coal Co.,* 72 Colo. 377, 211 Pac. 361.

It is not controverted that during the entire period of his employment decedent, who resided with the family, delivered to his mother every cent of his earnings. The father and mother, the only witnesses appearing at the hearing, stated that the common fund composed of the wages of father and son was expended for groceries, clothing and other family and household expenses, including past due and current bills therefor. These witnesses, who testified through an interpreter, were unable to itemize in detail the percentages of the money spent for these specific purposes, but unequivocally testified that the boy's earnings were essential for the support and maintenance of the family and that without his assistance it could not have gotten along during this period. The only money Tony, the deceased, received was an allowance of not in excess of fifty cents a week given him by his mother for his personal use. There is no evidence that members of the family indulged in luxuries or lived in a manner not in keeping with their position in the community in which they resided.

Counsel for plaintiffs in error argue that the fact that contributions were made by an employee, since deceased,

to his family for the purpose of discharging accumulated past due indebtedness of the latter, does not constitute the members thereof dependents of the contributing employee. They infer from the evidence that a portion of Tony's earnings were used to discharge a mortgage on the family home which was released of record in December, 1937. Without reference to the soundness of the legal proposition advanced, concerning which no comment is here required, we do not believe this inference was justified. Certainly the transaction was not deemed of consequence by either the referee or commission, since at the hearing the former limited the evidence with respect thereto, and no mention of it is made in the findings of the latter. We think it clear from the record that the indebtedness secured by the released mortgage was renewed by the making of a new loan by the father which had not been paid at the time of the son's death. The only other accumulated liability mentioned in the record was unpaid expenses incurred in connection with the protracted last illness of another minor child, upon which it would seem no payments were made in 1937, and to which in any event but a small part of decedent's earnings was ever applied.

Plaintiffs in error also stress the circumstance that a few months before the boy's death the father purchased a new automobile, trading in an old car and paying $100 in cash on the purchase price. Subsequently four payments of $37.33 each were made thereon presumably out of joint earnings of the father and son. We see nothing in this situation which would affect the status of the mother and brothers as dependents. There is no showing that the ownership of such an automobile was inconsistent with the family's class and social position. The proper rule applicable to cases of this character is well stated by the Supreme Court of Oregon in its opinion in *Paul v. Industrial Commission, supra,* wherein it is said: "Dependents are not required to live on the barest necessities of life. The rule as stated by

most of the authorities is that the surviving dependents are entitled to continue to live as they had been living prior to the accident. The basic idea of the statute is compensation. Surviving relatives within the class named in the statute to whose living decedent contributed and upon whom they relied partially or wholly for support are beneficiaries. The statute does not require destitution in order to be dependents. The statute should not be construed as to encourage extravagance. In order for relatives to be dependents of an unmarried decedent they must be dependent in fact on his contributions in order to continue to live in comfort according to the manner of living of people in their class and condition in life.''

For the reasons expressed, it is our conclusion that the judgment of the district court was right, and it is hereby affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE YOUNG concur.