No. 14,983.

WARNER *v.* MESSICK ET AL.
(117 P. [2d] 482)

Decided September 8, 1941. Rehearing denied September 29, 1941.

Mr. ARTHUR R. MORRISON, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING on a death claim under the Workmen's Compensation Act. Agnes J. Warner, widow of Julius H. Warner, deceased, in behalf of herself and three minor children, as claimant; G. R. Messick, C. S. Hawn and K. A. Overan, as employers; State Compensation Insurance Fund, as insurer; and the Industrial Commission, were the parties. The commission in the first instance, and the district court in an appropriate action, proceeding on the premise that deceased was an independent contractor, and not an employee in contemplation of the act, resolved adversely to claimant.

It appears that deceased was a consulting mining engineer, having his office in Denver; that in December, 1938, the employers, considering the operation of a certain mining property in Gilpin county, engaged him to make an examination thereof at an agreed compensation of $50 per day; that December 27, 28 and 29, 1938, deceased prosecuted the work which he had undertaken, but because of water in the mine he was unable immediately to complete the task; that January 2, 1939, the water having been lowered, he made further examination of the property, sampled a part of the then unwatered level, and but for an accident which befell him that day, probably would have worked five or six days on that occasion, and as other levels were unwatered would have examined further, thus proceeding "until," as one of the employers testified, "the mine was looked over, and if we decided to go on he probably would have been retained as our engineer." As the result of injuries sustained in the accident mentioned, he died February 5, his examination of the property unfinished.

Our study of the record persuades us to the view of the tribunals which have already found and adjudged

the situation as indicated. Deceased was a consulting mining engineer, and his employment was professional and particular, not lay and general; preliminary, not consequent. The employers were not mining the property, only hopeful of doing so. Pending further examination by deceased, and the employers' decision whether they would "go on," their activities did not comprehend his general employment in a business which they were conducting, but only special for their guidance as they gave consideration to the desirability of mining the property involved. Cf. *Lackey v. Industrial Com.,* 80 Colo. 112, 249 Pac. 662. Whether the employers should conclude actively to operate the property was not determined in the lifetime of deceased. In any event, and had they so concluded, and his life been spared, his further and general employment was only probable. The circumstances considered, we cannot think the employing relationship was such that the Workmen's Compensation Act has application. In *Industrial Commission v. Moynihan,* 94 Colo. 438, 32 P. (2d) 802, we discussed the status of professional employees in relation to the act, and reviewed the authorities. The sum of our holding was that while professional employees are less likely to qualify for protection under that law than are nonprofessionals, still, the facts of the employment of the professional, as with other employees, point the way, and control the conclusion. There, as our analysis disclosed, although the employee was a professional man, the terms of his employment were that "his time and services were subject to the call of his employer," and that "He represented the company generally, not specially, * * * and for compensation agreed to be paid at the time of his general engagement by the company, * * *." Hence, as we concluded, the compensation act offered him remedy. In the present case, as seems clear, the employee was specially hired for a particular investigation, and not generally as the employers might require his services. It follows that remedy for the in-

juries sustained while so employed does not lie in this proceeding.

We have given attention to other points urged by counsel on error, but we believe them to be without merit.

Let the judgment be affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK concurs in the conclusion.