## No. 15,049.

INDUSTRIAL COMMISSION ET AL. *v.* SANTARELLI ET AL.

(122 P. [2d] 239)

Decided January 26, 1942. Rehearing denied February 16, 1942.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. MORRY M. STERLING, Assist-
ant, Mr. GEORGE M. CHERRIE, for plaintiffs in error.

Messrs. HAWKINS & HAWKINS, for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the
court.

THIS case under the Workmen's Compensation Act
originated before the Industrial Commission, which en-
tered an award in favor of claimant, Carl Harvey, for
injuries sustained while he was unloading coal. The dis-
trict court of the City and County of Denver, in an
action instituted therein, set aside this award and en-
tered judgment for the employer and insurer, to review
which a writ of error was sued out in this court.

The recitation of facts by the referee of the commis-
sion who presided at the hearing includes the following:
"Claimant owns and operates his own coal truck. Re-
spondents operate a coal mine near Canon City, Colo-
rado. On December 5, 1939, claimant hauled a load of
coal from respondent's mine to its coal yard in Pueblo,
Colorado."

While unloading the coal at respondent's coal yard in
Pueblo, claimant sustained a severe injury resulting in
the disability for which he sought compensation. The
history of the case, proceedings and findings of the
referee include the following:

"As stated, claimant owns and operates his own truck.
He hauls coal from any of the mines in the neighbor-
hood that will employ his services to any point desig-
nated by them. He operates under two permits from the
Public Utilities Commission of Colorado described as a
private carrier permit and a 'buy and sell' permit.

"For approximately four months of each year when

there is a great deal of coal to be hauled claimant employs an extra driver and operates his own truck day and night. He maintains an office and employs a girl to answer the phone and keep his books and records. He hauls coal when he pleases and for whom he pleases. He is obligated to haul for no one and no one is obligated to give him coal to haul. He estimated that from 1% to 2% of his business came from respondent employer.

"When he calls at a mine and is given coal to haul he loads his truck at the bin directed and delivers the coal to a place directed for a specified amount per ton ($1.00 per ton from respondent's mine to its Pueblo yard). The route, time and all other details of the movement of the coal is entirely within the discretion of the claimant. As to when he works and for whom, claimant described his business as 'catch as catch can.'

"Respondents move dismissal on the ground that claimant is an independent contractor in business for himself and not an employee of respondent employer. If this claimant is not an independent contractor it is difficult to imagine one who is. However, in *Industrial Commission v. Bonfils,* 78 Colo. 306 (241 Pac. 735) the Court uses the following language: 'Was Sprigg in the service of the Continental Investment Company under a contract of hire? We think he was. He was engaged to haul coal with his own truck to customers of the company at a fixed price per ton; he was allowed to haul it himself or employ others; he was allowed to come and go as he pleased; need not report for work at any time nor at all unless he chose; could work for others if he desired. He called at the yard when he pleased, and was given coal to haul if there was any to be hauled when he called. The company was under no obligation to give him work, and he was under no obligation to work for the company, therefore he could quit when he chose and the company could discharge him when it chose. This was service for hire.' "

"The Referee holds that the Bonfils case is directly in point and must be followed."

In accordance with his pronouncement the referee entered an award in favor of claimant, which subsequently was affirmed and adopted by the commission.

The district court also made written findings in support of its judgment setting aside the award of the commission, and after noting that the referee had expressed the opinion that claimant was an independent contractor, but that he (the referee) felt bound under the decision in the Bonfils case to make an award in claimant's favor as an employee, then proceeded to discuss what we hereafter designate as the Continental Investment case (*Industrial Com. v. Continental Investment Co.*, 78 Colo. 399, 242 Pac. 49). The court apparently had difficulty in reconciling the Bonfils and Continental Investment cases, and after discussing them, concluded that as a matter of law, under the undisputed facts, claimant was an independent contractor.

We do not believe that the lower court was justified in its interpretation of the opinion in the Continental Investment case. There, claimant Garcher was an employee of an owner of a truck who in turn was paid $.80 a ton for the transportation and delivery of coal to the customers of Continental Investment Company. Mr. Justice Denison in his opinion begins by asking the question whether claimant was an employee of the Continental Investment Company, and answers "We think he was." He then cites section 49 of the Workmen's Compensation Act (S.L. 1919, p. 700), and in a subsequent paragraph states, in effect, that without section 49 claimant would be an independent contractor. In another paragraph, after stating that "claimant may be said to be the company's employee," he discusses section 49 and upholds it as constitutional. If the court had not meant to hold claimant to be an employee under that section, it would seem that a discussion of the question of its constitutionality would have been needless.

That the Bonfils case and the Continental Investment Company case are companion cases, wholly consistent with each other and not conflicting, is apparent from their history. In each case the Industrial Commission award was made in favor of the injured claimant; each was taken to the district court of the City and County of Denver where the same judge set aside the awards of the commission. The judgments in both cases were reviewed by this court on writ of error, and in each the judgment of the district court was reversed and the findings and awards of the commission sustained. Here, both cases were decided en banc by the same justices, except that in the Bonfils case Mr. Justice Sheafor and Mr. Justice Campbell did not participate. The Continental Investment case, although appearing at a subsequent page in volume 78 of our reports, was decided October 5, 1925; the Bonfils case November 9, 1925. Final rulings in both cases were announced December 21, 1925, at which time a rehearing was denied in the Bonfils case, and in the Continental Investment case we adhered to our original decision. The opinions in both cases were written by Mr. Justice Denison. The opinion in the Bonfils case was unanimous, and it is our opinion that the two dissenting opinions in the Continental Investment case, as does the special concurring opinion of Mr. Justice Campbell, go solely to the constitutionality of section 49. The Continental Investment case allowed a recovery under section 49; the Bonfils case under section 9. (The pertinent provisions of Sections 49 and 9 are set forth respectively in those two cases.) Neither case denied claimant's right to recover by holding him or his employee to be an independent contractor, and neither, therefore, justifies the position of the court below in the instant case.

In the briefs of defendants in error the following later Colorado cases are cited: *London Guarantee & Accident Co. v. Industrial Com.*, 95 Colo. 306, 35 P. (2d) 1010; *Whitney v. Mountain States Motors Co.*, 106 Colo. 184,

102 P. (2d) 743; *Warner v. Messick,* 108 Colo. 342, 117 P. (2d) 482; *American Radiator Co. v. Franzen,* 81 Colo. 161, 254 Pac. 160; and *Bukowich v. Ford Motor Co.,* 99 Colo. 56, 59 P. (2d) 470. We believe the facts in those cases render them inapplicable to the present proceeding, and that the facts in the instant case justify a holding that claimant was an employee under the Workmen's Compensation Act.

The judgment is reversed and the cause remanded with instructions to the trial court to enter judgment upholding the action of the Industrial Commission, and directing the latter to re-enter its award in favor of claimant.

MR. CHIEF JUSTICE YOUNG, MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.