No. ·15,116.

BETZ *v.* INDUSTRIAL COMMISSION ET AL.
(125 P. [2d] 958)

Decided April 27, 1942.   Rehearing denied May 18, 1942.

Mr. HERBERT E. MANN, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. HENRY L. STARK, Assistant, Messrs. WOLVINGTON & WORMWOOD, for defendants in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case. Plaintiff in error, to whom we hereinafter refer as claimant, sought compensation for herself and minor son for the loss of her husband, Raymond Betz, who died some hours after collapsing while unloading pea vines from a truck on the premises of the Kuner Empson Company, one of the defendants in error, hereinafter designated as the company. The Industrial Commission found that claimant's husband was not an employee of the company, and that he did not sustain injuries arising out of and in the course of his employment. In an appropriate legal action instituted by claimant, this finding was approved by the district court. Reversal is sought on a writ of error.

The assignments presented may be comprehended in the statement that the commission and trial court erred in holding that Betz was not an employee of the company, and that he was not injured in an accident arising out of and in the course of his employment.

1. Was Betz an employee of the company within the terms of the Workmen's Compensation Act? We think he was, and we are of the opinion that the commission and trial court were in error in holding that he was not. The company operates extensively in the farming region north of Denver, maintaining a number of plants for the canning of fruits and vegetables. To obtain products for canning it enters into contracts with growers surrounding the various centers of operation. It had such a contract with one Elmore, admittedly the employer of Betz. At the time the alleged injury occurred, Betz was at one of the company's plants unloading peas which he had hauled in Elmore's truck from a farm owned by one Clark. The company's contract with the grower provided that the company would, at its option, assist "the grower to procure or procuring for the grower the crew, trucks and other equipment proper for the expeditious harvesting and delivery of the peas, and may, at its option, pay for such labor, trucks and service and charge the same against the grower's account * * *."

In this case the company chose to exercise its option when its superintendent instructed Betz—with Elmore's truck—to haul in the peas from various growers, including those belonging to Clark. The company admits its business was "essentially that of processing," an admission, we think, which brings it within the meaning of "process of manufacture or any method of carrying on any such trade * * * or process of manufacture" as used in section 286, chapter 97, '35 C.S.A., which is to be construed in relation to section 328 of said chapter providing inter alia that any company "contracting out any part or all of the work thereof to any * * * contractor or sub-contractor, shall * * * be construed to be and be an employer as defined in this article * * *." Employees engaged in the procuring of materials appurtenant to the employer's business, i.e., manufacturing, etc., as well as those persons hired to

perform the actual duties in connection therewith, are employees engaged in a "common employment," and the employer being subject to the provisions of the act, "is subject as to all employees engaged in a common employment." *Industrial Commission v. Funk,* 68 Colo. 467, 191 Pac. 125.

We think under the terms of the company's contract with Elmore the gathering of the peas became "a part of the work thereof" when the company exercised its option and ordered Betz to gather Clark's peas; therefore, the company, by operation of law (section 328, supra), became liable for compensation to the dependents of Betz, other factors required under the act being present. *Industrial Commission v. Continental Inv. Co.,* 78 Colo. 399, 242 Pac. 49. See, also, *Industrial Commission v. Santarelli,* 109 Colo. 84, 122 P. (2d) 239.

■ The question of whether or not Betz was injured in an accident arising out of and in the course of his employment presents a more difficult problem. The commission found that "there was no showing" to that effect and "to determine the cause of his injuries would be to delve completely into the realm of speculation." However, the record does show that at the time Betz collapsed he was seen by one of the other employees to slump over on the cab of his truck as if exhausted. His death occurred several hours later, and the medical testimony—and an autopsy—disclosed that it was due to some "terrific injury to various internal organs" and that the injuries could have been received only through the medium of some violent external force. When it stands admitted that Betz collapsed from great shock, and there is positive proof of external violent injury while he was on the company's premises doing the thing he was engaged to do, it would be a denial of full justice not to give the parties further opportunity to exhaust every possible means to obtain definite information as to what actually occurred. There was circumstantial evidence which may have had some significance, and

which may have pointed to some explanation. Whether this justified any conclusions or inferences, and if so what, was for the commission. The record indicates that it was wholly disregarded. It should at least appear that it was considered. The judgment is reversed and the cause remanded to the district court with instructions to return the case to the Industrial Commission for further proceedings consistent with the views herein expressed.

It is so ordered.

MR. JUSTICE HILLIARD not participating.