## No. 15,380.

### INDUSTRIAL COMMISSION ET AL. *v.* BETZ.

(142 P. [2d] 389)

Decided September 27, 1943.    Rehearing denied November 1, 1943.

Messrs. WOLVINGTON & WORMWOOD, Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. ST. GEORGE GORDON, Assistant, for plaintiffs in error.

Mr. HERBERT E. MANN, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A WORKMEN's compensation proceeding, here presented for the second time. The claim is in behalf of the surviving wife and minor son of a man who was an employee of Kuner Empson Company, one of the plaintiffs

in error, and who, allegedly, lost his life as the result of an accident arising out of and in the course of his employment. On first presentation, the commission found that claimant's decedent was not an employee of the company involved, and that he did not receive the injury, which caused his death, in the course of his employment. The district court, to which the claim was subsequently prosecuted, affirmed the commission's finding, but on a review of its judgment we determined that deceased was an employee of the company, and ordered reversal, with directions that the cause be "remanded to the district court with instructions to return the case to the Industrial Commission for further proceedings" consistent with our expressed views. *Betz v. Industrial Com.,* 109 Colo. 385, 125 P. (2d) 958.

On the second hearing, the commission found that deceased was an employee of the company, but reannounced, "that decedent did not sustain an injury [resulting in his death], arising out of and in the course of his employment," and awarded adversely to claimant. That award was challenged by appropriate action in the district court, where, considering the "uncontradicted lay and medical evidence," as recited by the court, it found that the deceased "sustained an injury arising out of and in the course of his employment, with directions to the commission to proceed accordingly. It is urged by counsel for plaintiffs in error, that "it was error for the trial court to substitute its findings as to the evidence for the findings of the fact-finding body."

Assuming the soundness of its premise, we think the court's determination was within the doctrine of our decisions. *Industrial Com. v. DiNardi,* 103 Colo. 591, 87 P. (2d) 494; *Industrial Com. v. Wetz,* 100 Colo. 161, 66 P. (2d) 812. The court made findings and entered judgment, in the course of which it set forth the findings and conclusion of the commission. Beginning with the "Fifth" paragraph of the court's decision, we quote as follows:

"*Fifth,* To the determination of whether or not, as a matter of law, Raymond Betz, the deceased, did sustain an injury in an accident arising out of and in the course of his employment, the court has read and considered the transcript of proceedings and the Supplemental Award dated September 26, 1942, wherein the Industrial Commission relates the facts considered, makes certain specific findings, and therefrom draws certain inferences, of which the following are pertinent, namely:

"1. That Raymond Betz on July 11, 1942 [1941] was an employee of Kuner Empson Company, and engaged in unloading pea vines from his truck at a company huller at Longmont, Colorado.

"2. That on that day, and at that place, and prior to the hour of 5:30 P.M., he had been so engaged.

"3. That 'at that hour and day all machinery was stopped for a period of one-half hour, which was the practice of respondent employer, in order to afford employees an opportunity to obtain their evening meal.'

"4. 'Work was resumed at 6:00 P.M., and where Betz went, what he did or what may have happened to him during this period is unknown.'

"5. 'From the medical evidence, the Commission concludes that the trauma, which caused his death, could not have been sustained prior to 5:30 P.M.'

"6. 'From the testimony of witnesses, the Commission finds that said trauma was not suffered after 6:00 P.M.'

"7. 'At about 6:30 P.M. of the date last mentioned, Betz was unloading pea vines in an ordinary, normal and natural way. Some three or four minutes later, he was seen to slump over on the cab of his truck as if exhausted.'

"8. 'Though there is evidence that his coming in contact with the roof of the cab caused sufficient sound to be heard some twenty feet away over the noise of moving machinery, the Commission is of the opinion and so finds that the drum-like nature of the cab amplified the sound, and that contact with the cab could not possibly

have been the trauma referred to by medical witnesses, as having caused death some eighteen hours later.'

"9. 'Therefore, the only possible inferences, which can be drawn, and the Commission so finds the fact to be, is that the injuries which resulted in decedent's death were suffered by him during the one-half hour between 5:30 P.M. and 6:00 P.M. when the plant was closed down and the employees were not on duty.'

"*Sixth,* The court finds that the specific findings of fact do not support the inferences drawn, and that the inferences drawn are contrary to the specific findings of fact, with particular reference to (4) where he was and what happened to him during the half-hour between 5:30 and 6:00 P.M., found as unknown, and (7) at about 6:30 P.M., when he had been at work for a half-hour 'Betz was unloading pea vines in an ordinary, normal and natural way,' and (8) 'his coming in contact with the roof of the cab caused sufficient sound to be heard some twenty feet away over the noise of moving machinery.'

"*Seventh,* From a reading and consideration of the transcript of record, the court finds from the uncontradicted lay and medical evidence that Raymond Betz, when he came back to work at 6:00 P.M. had not then suffered the injuries from which he died, and from the uncontradicted medical testimony of the only medical witness called, Dr. W. P. Woods, finds that Betz could not have worked for a period of thirty minutes, or at all, or 'in an ordinary, normal and natural way,' and that his *fall* upon the cab top, heard by the company foreman and witness for respondents ten or twenty feet away (folio 175-178), and his *slump* on the cab top, as seen by a company employee and witness (folio 160-165), was sufficient to have caused, and did cause, the trauma from which he died the following day. The court further finds there is no evidence in the record, and none apparent to the court, whereby any inference may properly be drawn 'that the drum-like nature of

the cab amplified the sound,' but such finding of sound volume supports the belief and the testimony that the fall or slump was sufficiently hard to have caused, and did cause, the trauma from which he died. The court also finds there is no evidence in the record to justify or support the inference of the Industrial Commission that Betz suffered his injuries during the half-hour shut-down for the evening meal, or that he would, or could or did thereafter for a period of one-half hour work in 'an ordinary, normal and natural way,' or at all, after receiving his injuries.

"It is, Therefore, the judgment and order of this court, that the Industrial Commission shall, and is hereby directed, to make and enter an award that Raymond Betz, the deceased, sustained an injury arising out of and in the course of his employment, on July 11, 1942 [1941] and from which he died the following day, and to ascertain, find and report to this court the death benefits accruing to plaintiff herein, claimant therein, in accord with the provisions of sections 333, 338, 342(b) and 347 of chapter 97, C.S.A., 1935. That upon the filing of such report with the Clerk of this court, consideration thereof may be had upon notice of hearing given by any party hereto to opposing parties, and thereupon an award shall be directed in accord with the views of the court and as by law provided."

"At Boulder, Colorado, Nov. 16, 1942.

"By the court: Frederic W. Clark, Judge."

Subsequently, the matter was considered by Judge Clark's successor, by whom the final orders were made, all in conformity with the findings and conclusions of his predecessor. We note that throughout the quoted record, the date of the accident is given as of July 11, 1942, instead of the true date, July 11, 1941, as otherwise appears.

In workmen's compensation cases where the evidence as disclosed by the record, is without substantial conflict as to the controlling issues involved, courts may prop-

erly draw their own conclusions therefrom and enter judgment accordingly, notwithstanding the determination may be contrary to the findings and award of the Industrial Commission. Considering the entire record here, we are persuaded that the court's deductions, rather than those of the commission, are sound, and that they were properly drawn as a matter of law. As error is not perceived, let the judgment be affirmed.

MR. JUSTICE BAKKE, MR. JUSTICE JACKSON and MR. JUSTICE GOUDY dissent.