JEFFREYS-McELRATH MANUFACTURING COMPANY *v.*
HUIET, commissioner.

No. 14606.   October 12, 1943.

*Jones, Jones & Sparks* and *Charles M. Cork,* for plaintiff in error. *Clifford Walker* and *Otis L. Hathcock,* contra.

BELL, Chief Justice. ■ According to the evidence, the defendant is both an "employer" and an "employing unit" within the meaning of the unemployment compensation act. Ga. L. 1937, 806, 841-2, § 19(f)-(g). It is engaged in the business of processing and selling lumber, and articles manufactured from lumber. It acquires standing timber by purchasing either the land on which it stands or the timber itself under timber leases. It owns and operates a large sawmill at its plant near Macon, but it also contracts with operators of smaller mills to convert standing trees owned by it into lumber, and with still others to haul the lumber from these mills to its plant. In some cases it contracts with loggers to fell the standing trees, cut them into logs, and haul the logs to the sawmills. These contractors are not themselves "employers" within the meaning of the act, not having the required number of employees, and not being otherwise subject to its provisions. They do employ laborers, however; and the judge found that while they are independent contractors, employing directly their own workmen, the individuals so employed by them are to be deemed employees of the defendant, under the provisions of this statute. See section 19(f), as quoted in part, supra. The defendant contends that this section is ambiguous and cannot be properly construed as applying to such a state of facts. It invokes the rule of strict construction that is ordinarily applied to tax statutes, and points to various words in this provision, especially the term *work,* which it insists, if properly construed, would require a different result.

The unemployment compensation act is quite lengthy, and it may be that some of its provisions should be construed strictly as a taxing statute, and that others should be interpreted according to some more liberal rule. For example, the provisions which determine the amount of the exaction, by prescribing the rate of contribution and defining wages or remuneration upon which it should be computed, might be subject to one rule of construction, while those relating to other matters would be subject to a different rule. Thus section 19(f) should perhaps be construed in part as a taxing

statute, since it may under some conditions either create or increase a tax liability as against some one; but even so, the paramount rule in all cases is to ascertain the intention of the legislature, looking to the statute as a whole, and keeping in view at all times the old law, the evil, and the remedy. Under this rule, we are of the opinion that section 19(f) covers the present case as to most of its features. Stripped of such terms and conditions as are not here in question, this section provides, in effect, that when an employing unit contracts with another for work that is a part of its usual business, the employees of the contractor while engaged in such work are to be deemed employees of the employing unit for all purposes of the act. If the employing unit shall become liable for and pay contributions on account of such employees, it may recover the same from such contractor. If the contractor is himself an employer within the meaning of the act, he alone is liable for the contributions on account of his employees. While there may have been other purposes inducing the enactment of this section, it seems to us that at least one purpose was to prevent owners of large unitary businesses from breaking them up into small operations, and thereby defeating the objects intended by the General Assembly.

It is argued that section 19(f) relates only to "work," whereas in this case the contractors employed machinery and money, as well as labor, in performing their contracts. This argument, we think, unduly restricts the word. Its meaning here cannot be limited to the mere exertion of physical or mental effort, but must be taken to include the accomplishment of any result necessarily or usually required as a part of the business of the employing unit as it is actually conducted, even though equipment and labor both be employed. The exaction is made, of course, only as to labor, the wages paid being the basis of the required contributions.

Whether in any case the work let to the contractor is a part of the usual business of the employing unit is ordinarily a question of fact. The business of this defendant is that of producing and selling lumber and articles made from lumber. Although formerly it bought some of the logs that were used at its mill, it had ceased this practice before the present suit was filed; and it does not now buy any logs, whether delivered in the woods or at its plant, nor does it buy rough lumber. It conducts its business by purchasing standing timber which is put through the usual proc-

·esses of manufacture from which finished products result. Some of these operations are performed for it by others as contractors; and as to all of them except one, namely, the hauling of rough lumber, the evidence authorized the inference that they constituted parts of the defendant's usual business. There was no evidence that the defendant at any time was engaged in the hauling of rough lumber from the small mills to its plant by individuals directly employed by it, but it appeared without dispute that all such transportation was accomplished by it solely through independent contractors, and thus that such hauling or transportation was not a part of its usual business. We shall refer to the exception as to hauling rough lumber later on in this opinion, and in the meantime it will be implied; but before dealing with it further, some additional observations should be made as to the general aspects of the case and applicability of the statute.

In ruling that the finding of the judge was authorized as to some of the operations, we do not overlook the provisions of the act defining employment as services performed by an individual for wages, and declaring that such services shall be deemed employment subject to the act, unless it is shown, among other things, that such individual is customarily engaged in an independently established trade, occupation, profession, or business. § 19 (h) (6) (C). These provisions are to be construed in harmony with those in subparagraph (f), declaring in express terms that, under the conditions there stated, "the employing unit shall for all the purposes of this act be deemed to employ each individual in the employ of each such contractor or subcontractor." Accordingly, the fact that no wages are paid by the defendant directly to such employees will not render section 19 (f) inapplicable; the wages paid by the contractor being reasonably ascertainable, and constituting the basis for determining the contributions required of such employing unit.

Nor will the fact that the contractor may be customarily engaged in an independently established business have the effect of relieving the employing unit, where it contracts for work that is actually a part of its usual trade or business. As to this phase, the present case might perhaps be different if the defendant did not itself operate a sawmill, to which the other mills and related operations, as the judge was authorized to find, were merely auxiliary. In connection with this mill, the defendant, with the one exception as

to hauling rough lumber, performed directly, with its own employees, substantially all of the *kinds* of acts that it contracted with other persons to perform in connection with such other sawmills; and in these circumstances the work of the same kind performed by such contractors necessarily constituted a part of its usual business. Moreover, while it was shown that the sawing of logs into rough lumber is an established and recognized business, and an "independent occupation," neither the testimony nor the stipulation as to this matter went beyond mere classification in the abstract, and there was no evidence whatever that any of these particular contractors were customarily engaged in an independently established business. For aught that appears, they served this defendant only, and did not at any time perform or offer to perform similar services for any other person.

On the facts appearing, the finding for the plaintiff was fully authorized as to all matters in issue, except as to the hauling of rough lumber; but as to this particular feature it was contrary to the evidence and without evidence to support it, and should have been set aside on motion for a new trial.

■ The defendant attacked section 19(f) as unconstitutional, for several reasons. It was alleged to violate the due-process and equal-protection clauses as contained in both the State and the Federal constitutions, as well as the requirement as to uniformity in matters of taxation, as expressed in the State constitution. One contention is that the section is so vague and indefinite as not to be enforceable consistently with due process, in that it provides no basis for imposing the tax or contribution other than the unbridled discretion of the administrator. But, as we have already indicated in this opinion, the meaning of the section is sufficiently clear as applied to the facts presented, and we entertain the same view even when it is considered from the standpoint of due process. Certain facts must exist before the tax can be required; but that is true of every tax law, since statutes do not levy taxes without reference to facts.

Again, it is said that the statute is lacking in due process, because its enforcement could result in compelling the contractor, upon whom the burden ultimately falls, to contribute twice upon the wages of each employee, if perchance he should devote a portion of a day to the performance of one contract, and the remainder to

the performance of another. There is no merit in this contention. The statute does not fix wages, but measures the contributions of the employer by the wages paid, and the wages paid may readily be apportioned according to the time each employing unit is served. It necessarily follows that the liability of the contractor could not be increased by a division of hours between different employing units, unless by his own failure to keep proper accounts. While the employing unit has no control over the wages paid by the contractor, yet it is not the party ultimately liable for the tax or contribution, and is hardly more than a collecting agency for the State.

Nor can we assume that information as to the amount of the wages will not readily be given by the contractor on request; but if there should be any danger or apprehension on this point, the employing unit may easily protect itself from the beginning by exacting promise of such information as a matter of contract.

So, the fact that the employing unit has no control over the amount of the wages and may have no first-hand knowledge of the amount does not render the statute invalid as violating the principle of due process, as to such party.

It is contended further, that section 19(f), in placing ultimate liability upon a contractor performing such work for an employing unit, notwithstanding he may have less than eight employees, arbitrarily discriminates against him and in favor of others having the same number of employees, but who do not enter into like contracts, and simply by not doing so remain free from such liability. In view of at least one conceivable purpose of this section as mentioned previously herein, we think it is based on reasonable classification. Accordingly, it cannot be held unconstitutional as being discriminatory. For similar reason, it does not appear to violate the constitutional requirement as to uniformity in matters of taxation.

Many decisions were cited on both sides; but we shall mention here only those that seem to be most directly in point, none, however, being exact precedents. (1) As to constitutionality: Singer Sewing Machine Co. v. N. J. Commission, 128 N. J. L. 611 (27 Atl. 2d, 889); Friedman v. American Surety Co., 137 Tex. 149 (151 S. W. 2d, 570). (2) As to "independently established business:" Fuller Brush Co. v. Industrial Commission, 99 Utah, 97 (104 Pac. 2d, 201, 129 A. L. R. 511); Singer Sewing Machine Co.

*v.* Unemployment Compensation Commission, 167 Ore. 142 (116 Pac. 2d, 744, 138 A. L. R. 1398) ; 21 Words & Phrases, 54.  (3) As to construction generally: Strickland *v.* Natalbany Lumber Co. (La. App.), 200 So. 652; Raines *v.* N. J. Commission, 129 N. J. L. 28 (28 Atl. 2d, 46) ; Unemployment Compensation Commission *v.* Mathews, 56 Wyo. 479 (111 Pac. 2d, 111) ; McGrath *v.* Pa. Sugar Co., 282 Pa. 265 (127 Atl. 780, 131 Atl. 926) ; Pruitt *v.* Harker, 328 Mo. 1200 (43 S. W. 2d, 769) ; Simpson *v.* New Madrid Stave Co., 227 Mo. App. 331 (52 S. W. 2d, 615) ; Purkable *v.* Greenland Oil Co., 122 Kan. 720 (253 Pac. 219) ; Betz *v.* Industrial Commission, 109 Colo. 385 (125 Pac. 2d, 958).

■ We have held in the first division that the judge's finding for the plaintiff was authorized as to all matters in issue, except as to contracts for hauling lumber, and was not authorized as to these contracts.  The parties stipulated in effect that in the event the court should determine that the defendant "is liable for said taxes," they would co-operate in constructing supplemental reports and computing the amount of the taxes, for which judgment should be rendered.  It appears that the facts were fully developed upon the trial now under review, and that the issues are separable.  In the circumstances the judgment overruling the motion for a new trial is affirmed except as to the one issue, namely, whether the hauling of rough lumber was a part of the defendant's usual business; that is, whether this class of work was done solely by contractors, or whether a part of such work was usually done by the defendant directly, so as to be a part of its usual business, as alleged in paragraph 5(e) of the petition.  As to this issue only, the judgment refusing a new trial is reversed and a new trial ordered.

*Judgment affirmed in part and reversed in part.  All the Justices concur.*