## No. 17,712.

INDUSTRIAL COMMISSION OF COLORADO, ET AL. *v.*
INTERNATIONAL MINERALS AND CHEMICAL CORP., ET AL.
(287 P. [2d] 275)

Decided August 29, 1955.   Rehearing denied September 19, 1955.

Mr. DUANE O. LITTELL, Mr. DUKE W. DUNBAR, Attorney General, Mr. PETER L. DYE, Assistant Attorney General, for plaintiffs in error.

Messrs. McCOMB, ZARLINGO & MOTT, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

TRINIDAD R. GALLEGOS was employed by International Minerals and Chemical Corporation, one of the defendants in error, for one day, to take his cousin's place. On the morning of July 31, 1954, while doing the regular work that was usually performed by the workman on the job, he collapsed and died within a few minutes. His wife, Eleanor M. Gallegos, on August 20, 1954, filed notice and claim for compensation with the Industrial Commission of Colorado. On the evidence taken before a referee of the Commission on October 21, 1954, and December 6, 1954, the referee entered an order denying compensation and dismissed the claim. On petition for review to the Commission, this order was reversed and the Commission entered an award which was appealed to the district court and there set aside.

While plaintiffs in error have designated four points for reversal in their summary of argument, there is only one question that is determinative, that is: Was decedent's death the result of an accident arising out of, and in the course of, his employment as defined by statute?

A summation of the evidence showed that deceased was taking the place of a relative, who was a regular employee of defendant in error corporation; that his work consisted of assisting one Tony Carrillo in filling sacks with mica at defendant corporation's plant. The procedure was to place an empty sack on a scale and pull a lever which released the mica in a chute and thus filled the sack. This required very little force on the part of the operator. When deceased arrived at work he weighed some sacks, and at that point, Tony Carrillo's nephew came in and asked deceased to fix his car and the nephew took deceased's place at the mica plant. Deceased worked on the generator of the car and after it was fixed, helped to push it some little distance. Deceased came back to the plant and told Tony Carrillo

that he had eaten his lunch. Up to that time he had done no work except the weighing of the sacks. He found on his return to the plant that Tony Carrillo had loaded a hand truck with four sacks of mica. Deceased pushed the truck twenty-five or thirty feet, dumped it, started back with the empty truck, and after walking about ten feet, collapsed and died within a few minutes. The evidence disclosed that the truck was easy to push; that the sacks on the truck were balanced; that the truck was wheeled over a cement floor; and that there was no evidence that deceased slipped or that he had any accident of any kind.

Claimants offered in evidence a certified copy of the death certificate, which certificate showed that the deceased's condition directly relating to death was coronary occlusion. The certificate does not mention any accident, injury or overexertion. Also offered in evidence by claimants was the autopsy report, which showed that deceased had a long-standing rheumatic heart disease with severe mitral stenosis, and that he had suffered from long-standing congestive heart failure. The pathologist who performed the autopsy stated in his report that decedent died of acute congestive heart failure. The doctor further stated that excessive physical exertion probably induced the acute heart failure. It is to be noted that the doctor was not present at the time of decedent's death and knew nothing about any exertion on the part of deceased while decedent was outside of his employment and assisting in pushing an automobile. The only eyewitness present at the time of decedent's death was Tony Carrillo, who testified, in effect, that decedent did not have any unusual or extraordinary exertion when he was on the job for which he was serving. At the hearing before the referee, the two exhibits, hereinbefore mentioned, were offered by claimants and admitted in evidence, and the employer and insurance carrier called the corporation's superintendent as a witness and tendered an exhibit containing the hos-

pital records which disclosed that decedent had suffered from heart disease for many years.

The referee's finding and order was that the cause of death was acute congestive heart failure resulting from long-standing rheumatic heart disease. The referee also found no history of accidential strain or injury, and that death was not caused, hastened or associated with his employment, and upon such finding, denied and dismissed the claim. As before stated, the Commission vacated the referee's order and awarded compensation, which award, upon hearing in the district court was set aside. In so doing, the court found there was no evidence of an industrial accident, unusual situation or abnormal working conditions or occurrences that would warrant the conclusion arrived at by the Commission; and further, that the error of the Commission was an error in its conclusions of law, and since there was no disputed evidence in the record, the finding of the Commission was contrary to its conclusions as to the law.

The evidence is undisputed to the effect that there was no overexertion or anything outside of the usual work that was being done by decedent. It may be accepted as true that some exertion probably hastened the death; however, there is exertion in all forms of manual labor and the requirements of law in such cases are that there must be more than mere exertion, in other words, the claimant must establish overexertion. The undisputed evidence is that decedent was doing the regular work required by the job which was the work being done all the time by the regular employees. The evidence is also undisputed that decedent left his employment, went outside and worked on an automobile and exerted himself in helping to push the automobile around after it was repaired; and probably, for one in his physical condition, overexercised himself shortly before the fatal heart failure. In doing this outside work he was performing no service for his employer in the course of his employment.

260

■■■ It was no error for the trial court to consider the testimony which developed, to be without any substantial conflict, draw its own conclusions therefrom, and enter the judgment reversing the finding of the Commission. We so held in the case of *Industrial Commission v. Betz,* 111 Colo. 401, 142 P. (2d) 389. It has been the consistent holding of this court that in such cases, claimant must prove more than the mere exertion attendant upon the usual and ordinary course of the employment, and that overexertion must be established. *U. S. Fidelity & Guaranty Co. v. Industrial Commission,* 96 Colo. 571, 45 P. (2d) 895; *Ellerman v. Industrial Commission,* 73 Colo. 20, 213 Pac. 120; *Coors Porcelain Co. v. Grenfell,* 109 Colo. 39, 121 P. (2d) 669; and numerous other cases.

■ In the Commission's award of compensation there is no finding by the Commission of overexertion, simply a finding that decedent's death was the result of exertion superimposed upon a chronic rheumatic heart disease of long-standing; further, the Commission did not find any accident or incident, and its award is a clear indication that the Commission, contrary to the many decisions of this court, was of the impression that ordinary exertion was sufficient to render the case compensatory.

The findings and judgment of the trial court, on the facts presented, is clearly in harmony with the rule in this jurisdiction, and is therefore affirmed.