No. 19,018.

Oswald M. White *v.* Industrial Commission
of Colorado, et al.
(342 P. [2d] 688)

Decided July 13, 1959.

Mr. Jack Merwin, for plaintiff in error.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Fred B. Dudley, Mr. Alious Rockett, for defendant in error State Compensation Insurance Fund.

Messrs. Stinemeyer & Stinemeyer, for defendants in error Lovisone and Colarelli.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

OSWALD M. WHITE was plaintiff in the trial court and claimant before the Industrial Commission. Lovisone and Colarelli, defendants in error, were owners of a coal mine.

Claimant, while loading coal on his truck at the mine, sustained injuries from electrical shock caused by a short circuit in the mine equipment. The final order of the Industrial Commission denied the claim made by White for benefits under the Workmen's Compensation law. The district court, upon review of the proceedings before the commission, upheld its action denying the claim.

The findings before the commission, which were upheld by the district court, contained, inter alia, the following:

" * * * Respondents deny liability upon the ground that the claimant was an independent contractor and not an employee, and move for the dismissal of claimant's claim on said ground.

"The Referee finds from the evidence that the claimant operated as an independent contractor and was not an employee of the respondents' mine and that his accidental injury does not come within the scope of the Workmen's Compensation Act."

The only question we are called upon to determine is whether we must say, as a matter of law, that claimant was not an independent contractor, but on the contrary was an employee either directly under a contract of hire, or constructively by reason of the provisions of C.R.S. '53, 81-9-1. This section of the statute provides, in gen-

eral, that one who engages in business of leasing or "contracting out any part or all of the work thereof to any lessee, sublessee, contractor or subcontractor, * * * shall be construed to be and be an employer * * *," and subject to the Workmen's Compensation Law.

■ Under the circumstances present in this case the judgment must be affirmed if there is competent evidence in the record to support it. There is ample evidence in the record to prove that the mine owners did not engage in the business of transporting or delivering coal to the consumers thereof; that they did not own trucks; that they employed no drivers; that the price of the coal to the coal hauler was the price at the mine; that the mine owners were not concerned with the price charged by the coal hauler on delivery to the consumer; and that all coal hauled by claimant was billed to him. At the time of the accident claimant was loading coal to be delivered to one Wheeler, who had contacted one of the mine owners and left the order with him with the instruction to "have Mr. White deliver." A ticket for the coal was made out charging the same to claimant, not Wheeler, and the price charged to claimant was the price at the mine.

■ Claimant could not be discharged, nor was he otherwise subject to any control whatever by the mine owners. The delivery of the order for the coal to White by one of the owners of the mine was nothing more than an accommodation and falls far short of creating the relationship of employer and employee.

The opinions of this court in *Industrial Commission, et al. v. Santarelli, et al.,* 109 Colo. 84, 122 P. (2d) 239, and *Industrial Commission, et al. v. Bonfils, et al.,* 78 Colo. 306, 241 Pac. 735, are not in point for the reason that the facts in those cases are clearly distinguishable from the facts in the case before us.

The judgment is affirmed.