Opinion by
Mr. Chief Justice McWilliams.
Marvin P. Snow, town marshal of Telluride, died of a heart attack in an ambulance en route from Telluride to Montrose, the precise cause of death being described as “cardiac arrest due to an occlusion of the arteries to the heart.” Thereafter Snow’s widow, on behalf of herself and two minor children, made claim for workmen’s compensation benefits. After hearing the referee denied the claim, holding that the claimant had failed to establish “overexertion” within the meaning of the Workmen’s Compensation Act, and also that the claimant had failed to prove that Snow’s death was “causally connected” with his employment as town marshal. The referee’s order was subsequently approved, affirmed and adopted by the Industrial Commission. Thereafter, upon judicial review of the matter, the trial court held that there was evidence to support the order of the Commission and entered an order dismissing the action. By this writ of error the claimant now seeks reversal of the judgment thus entered.
Shortly before his death, Snow, in the discharge of his duties as a town marshal of Telluride, had what was described as a “heated argument” with some sixteen-yearolds in a jeep who were on the streets of Telluride at night in violation of the town’s curfew ordinance. The only evidence of any physical exertion was some testi *135 mony to the effect that Snow had laid a hand on the arm of one of the boys and had either “pulled” or “jerked” the boy from the car and had sent him on his homeward way. Snow’s wife, however, who was riding with her husband as he patroled the streets of Telluride, testified that she saw no physical contact, but was aware that her husband was remonstrating, and rather violently so, with the recalcitrant teenagers. In any event, within 10 or 15 minutes thereafter Snow began to experience severe chest pains. A doctor was summoned immediately and, after administering some painkilling drugs, he directed that Snow be taken at once to the hospital in Montrose. As indicated, Snow then died en route to Montrose.
The attending physician who was with Snow in the ambulance when he died testified before the Commission that in his opinion it was “possible” but not “probable” that the altercation between Snow and the youths could have “triggered” the heart attack; he explained that he simply could not make any “definite relationship” between the two events. This doctor testified that he had no definitive opinion as to the cause of the heart attack and that it “may have been caused by a piece of arteriosclerotic material breaking off of an artery and occluding or a hemorrhage into an arteriosclerotic plaque.”
 In our view the foregoing recital of certain of the evidence before the Commission demonstrates that the order of the Commission does find support in the record. In the first place, it is doubtful that the claimant made out a prima facie case of overexertion. See Ind. Comm. v. Internat’l Corp., 132 Colo. 256, 287 P.2d 275. In any event, the testimony of the attending physician fully warrants the finding of the Commission that there was no “'casual connection” between Snow’s employment as town marshal and his death. An award of compensation benefits cannot be founded upon mere “possibilities.” Maryland Co. v. Kravig, 153 Colo. 282, 385 P.2d 669.
It is quite true that another doctor who had not *136 treated the decedent hypothetically opined that it was “probable” that there was a causal connection between the altercation and the ensuing heart attack. However, this doctor’s opinion was itself rather iffy in nature, as the doctor, in addition to using the word “probable,” in the same breath also used such words as “possibly” and “conjectural.” At best, however, this evidence could only pose a disputed issue of fact and that matter has now been resolved by the trier of the facts, namely, the Commission. There being evidence then to support the findings of the Commission, its order should not be upset by the courts. Industrial Comm. v. Hesler, 149 Colo. 592, 370 P.2d 428.
We reject the argument that this case is governed by Ind. Comm. v. Havens, 136 Colo. 111, 314 P. 2d 698. In the instant case there was medical testimony to support the finding of the Commission that Snow’s death was unrelated to his employment.
Judgment affirmed.
Mr. Justice Hodges, Mr. Justice Kelley and Mr. Justice Lee concur.